UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
v.                             )  No. 1:06-00010
                               )  JUDGE ECHOLS
WILLIAM MATTHEW MANNING,       )
                               )
          Defendant.           )

ORDER

Pending before the Court is Defendant William Manning's Motion to Dismiss Indictment (Docket Entry No. 25), to which the Government responded in opposition (Docket Entry No. 34). For the reasons stated below, the Motion is hereby DENIED.

In a single-count Indictment, the Government charged Defendant with the knowing possession of two short-barrel shotguns, as defined by 26 U.S.C. § 5845(a), that were not registered with the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5861(d) and 5871. Defendant moves to dismiss the charge on the ground that it was legally impossible to register the short-barrel shotguns to a transferee in Tennessee, see Tenn. Code Ann. § 39-17-1302(a)(4), and therefore, the federal registration statute cannot be applied to him constitutionally because such an application is an improper exercise of the Government's taxing power. Defendant relies on United States v. Dalton, 960 F.3d 121, 124-125 (10th Cir. 1992), in which the Tenth Circuit ruled there could be no legitimate exercise of the federal taxing power where

1

the Government sought to tax a machine gun upon its registration because a separate federal statute, 18 U.S.C. § 922(o), makes it illegal to even possess a machine gun.

In a later case involving a short-barrel shotgun, the Tenth Circuit declined to apply its own <u>Dalton</u> case, distinguishing <u>Dalton</u> on the basis that a specific federal statute bars registration of a machine gun, but there is no specific federal statute barring the registration of short-barrel shotguns. <u>United States v. McCollom</u>, 12 F.3d 968, 971 (10th Cir. 1993). <u>Accord United States v. Houston</u>, 103 Fed.Appx. 346, 350 (10th Cir. 2004). Because the registration of a sawed-off shotgun is not a legal impossibility, Congress does not exceed its taxing power in requiring registration and taxation of such firearms. <u>Id.</u> Thus, McCollom's due process rights were not violated by his conviction under § 5861(d). <u>Id.</u>

In other cases involving short-barrel shotguns, courts have followed <u>McCollom</u> and the similar reasoning in <u>United States v. Aiken</u>, 974 F.2d 446, 448-450 (4th Cir. 1992), to reject similar constitutional challenges to firearm indictments. <u>See</u> <u>United States v. Lim</u>, 444 F.3d 910, 912-915 (7th Cir. 2006); <u>United States v. Shepardson</u>, 167 F.3d 120, 123-124 (2nd Cir. 1999); <u>United States v. Ridlehuber</u>, 11 F.3d 516, 526-527 (5th Cir. 1993). <u>See also</u> <u>United States v. Rivera</u>, 58 F.3d 600, 601-602 (11th Cir. 1995) (following <u>McCollom</u> where silencer was at issue).

Even where machine guns and Molotov cocktails have been at issue, the Sixth Circuit has joined other circuits in rejecting the reasoning of Dalton in favor of adopting the analysis in the Fourth Circuit's case of United States v. Jones, 976 F.2d 176, 182-183 (4th Cir. 1992), which held that an individual can comply with both the National Firearms Act and the Firearm Owners' Protection Act by refusing to possess machine guns and Molotov cocktails. See United States v. Bournes, 339 F.3d 396, 398-399 (6th Cir. 2003); United States v. Thompson, 361 F.3d 918, 920-922 (6th Cir. 2004); United States v. Elliott, 128 F.3d 671, 672 (8th Cir. 1997).

Similarly, Defendant is able to comply with both the National Firearms Act and the Firearm Owners' Protection Act by refusing to possess sawed-off shotguns. Based on all of these authorities rejecting the analysis of Dalton, the Court concludes that Defendant cannot demonstrate that his Indictment is the product of an unconstitutional exercise of the Government's taxing power or a violation of his due process rights.

Accordingly, Defendant's Motion to Dismiss Indictment is DENIED.

IT IS SO ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

3